IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARY HARLEY, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 21-3680 |
| | : | |
| CITY OF PHILADELPHIA CITY | : | |
| GOVERNMENT, *et al.*, | : | |
|     Defendants. | : | |

**MEMORANDUM**

**BEETLESTONE, J.**                                                                                         **OCTOBER 18, 2021**

      Plaintiff Mary Harley brings this *pro se* civil action against: (1) "City of Philadelphia City Government (Municiple [sic] Building)"; (2) "City Hall (City Council Members)"; (3) "Montgomery County Distric [sic] Court"; (4) "The Police Commissioner of Philadelphia Officer Danielle Outlaw"; and (5) "All Police District Unit # 2 Thru – 39th District of Philadelphia."[1] For the following reasons, the Court will dismiss Harley's Complaint.

**I.      FACTUAL ALLEGATIONS**[2]

      Harley alleges that named Defendants and "many more government agencies including the media" are conspiring "to murder [her] and [her] three children." Specifically, Harley contends that those conspiring against her "took [her] mind away from [her] by detecting [her] mind out to the public wiring the electrical activity in [her] brain and connecting [her] brain to utilities radios & television, amplifiers, [and] walkie talkies." She also alleges that her daughter was hospitalized "using telecommunications."

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

[2] The following facts are taken from the Complaint.

Harley alleges that the technology in question permits "public voices" to be broadcast to her through appliances and wherever she goes. She adds that, among other things, the voices cause her to talk, give her migraines and cause her to visualize pictures of people. She also claims that her oldest son was falsely arrested and incarcerated, and that her youngest son was "put in the hospital & injected with some kind of liquid fluid that grew his growth from 5'7'' to 6'2'' inches about overnight."

Based on these allegations and other similar allegations, Harley brings claims for assorted "civil rights violations," apparently pursuant to 42 U.S.C. § 1983. Harley seeks a "class action lawsuit against all parties" and "justice for [her] children and [herself]." She also seeks $100 million in damages for each of her children.

## II.   STANDARD OF REVIEW

Since Harley is proceeding *in forma pauperis*, (ECF No. 4), the Complaint is subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B), which requires the Court to dismiss the Complaint if, among other things, it is frivolous. A complaint is subject to dismissal under Section 1915(e)(2)(B)(i) as frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). It is legally baseless if "based on an indisputably meritless legal theory," *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995), and factually baseless "when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

## III.   DISCUSSION

### A.  Claims Brought on Behalf of Others

Harley is, in part, attempting to bring claims on behalf of her children and, perhaps, other individuals in connection with the "class action" she seeks to bring. Under 28 U.S.C. § 1654,

parties "may plead and conduct their own cases personally or by counsel" in the federal courts. Section 1654 thus ensures that a person may conduct his or her own case *pro se* or retain counsel to do so. *See Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882 (3d Cir. 1991) ("The statutory right to proceed *pro se* reflects a respect for the choice of an individual citizen to plead his or her own cause." (quoting *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990))). Although an individual may represent herself *pro se*, a non-attorney may not represent other parties in federal court. *See Collinsgru v. Palmyra Bd. of Educ.*, 161 F.3d 225, 232 (3d Cir. 1998) ("The rule that a non-lawyer may not represent another person in court is a venerable common law rule."), *abrogated on other grounds by Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516 (2007). Furthermore, "a plaintiff must assert his or her own legal interests rather than those of a third party" to have standing to bring a claim. *See Twp. of Lyndhurst, N.J. v. Priceline.com Inc.*, 657 F.3d 148, 154 (3d Cir. 2011) (quotations omitted)). For these reasons, any claims that Harley brings on behalf of her children or anyone else must be dismissed without prejudice for lack of standing.

    **B.  Harley's Claims**

Harley may not proceed on her own claims because her allegations are wholly incredible and lack a basis in fact. As discussed above, Harley generally alleges violations of her civil rights in connection with a conspiracy by Defendants to target her with wiring, voices, and electrical activity, and to murder her. These allegations are wholly incredible. Accordingly, the Court will dismiss Harley's claims, without leave to amend, as factually baseless. *See, e.g., Caterbone v. Nat'l Sec. Agency*, 698 Fed. App'x 678, 679 (3d Cir. 2017) (dismissing appeal as lacking an arguable basis in fact where underlying allegations were based on plaintiff's assertion that he was a "victim of U.S. sponsored mind control and cointelpro harassment program");

*Price v. Fed. Bureau of Investigation*, No. 20-3015, 2020 WL 4368063, at *3 (E.D. Pa. July 30, 2020), *aff'd*, 845 Fed. App'x 106 (3d Cir. 2021) (finding plaintiff's allegations to be factually frivolous where plaintiff asserted that "numerous law enforcement agencies, attorneys, prison officials, and medical professionals have used neurological and psychological technology to control the 'four basic groups of his brain and mental functions'" and "that the use of this 'technology' and 'mind control' has caused him numerous impairments and drove him to criminal and erratic behavior"); *Jorge v. Torres*, No. 18-14674, 2019 WL 2385942, at *3 (D. N.J. June 6, 2019) ("Plaintiff's factual allegations that the Police are monitoring his every move and that the Police do so by telephone recruitment 'of informants, spies, and willing constituates [sic]' is exactly the type of 'fantastic or delusional scenario[ ]' warranting dismissal under 28 U.S.C. § 1915(e)(2)(B)(i)." (alterations in original)).

### IV.  CONCLUSION

For the foregoing reasons, the Court will dismiss Harley's clams as frivolous and dismiss claims she brought on behalf of others without prejudice for lack of standing.  An appropriate Order follows.

**BY THE COURT:**

/s/Wendy Beetlestone, J.
_____
**WENDY BEETLESTONE, J.**
